SAMUEL A. MILLER v. MT. SAVAGE FURNACE COMPANY.

[Abstract Kentucky Law Reporter, Vol. 6—293.]

**Costs Under an Agreement.**

Where an appeal is taken but before it is decided the parties agree that the costs of two copies of the record may be paid out of the fund in dispute and that the unsuccessful litigant should in the end pay all the costs, the appellee in such appeal is not made liable for any of the costs on account of the modification of the judgment appealed from when in fact such modification was in no sense a defeat of said appellee.

APPEAL FROM LOUISVILLE CHANCERY COURT.

October 18, 1884.

OPINION BY JUDGE HOLT:

This appeal involves but a single question.

The appellant and the appellees in a suit pending in the Louis-

ville Chancery Court of *Samuel A. Miller v. McCrory, White & Co.,* &c., were claiming to be lien holders as to a fund in court; and it adjudged that the liens of the appellees were valid and prior to that of the appellant and that they must be first paid.

This result left but a small sum in comparison to his debt to be paid to the appellant and he appealed from the judgment to this court.

After the appeal, but before its decision, the parties to this appeal made and signed the following agreement and which is of record in said suit, to wit: "It is agreed by the parties to this action that the costs of two copies of the record of this action for use to the court and to counsel upon the appeal herein to the Kentucky Court of Appeals may be paid out of the fund herein, the proceeds of the mortgaged property herein, it being agreed and understood that the unsuccessful litigants pay for both records in like manner as they would be bound to do for a single record, and being further agreed and understood that the equities existing as to the fund aforesaid shall not hereby be affected. Signed this 12th day of June, 1880."

Upon the filing of this agreement, and upon the motion of all the parties to it the lower court ordered the costs of two copies of the record, to wit: $449.00, to be paid out of the fund in court.

This court affirmed the judgment in said cause in so far as it related to the appellees to this appeal and in all other respects save in so far as it failed to allow the appellant a $1,000 mortgage debt which claim the lower court had dismissed, and which this court held should have been allowed, and to this extent only, reversed the judgment. Its rejection or allowance in no way affected the appellees as their liens were prior and superior to the claims of the appellant. Upon the return of the cause it was referred to a commissioner to report a distribution of the fund, and the said $449.00 having been paid out of it, he distributed the balance of it without regard to said payment and without charging the appellees with it, the effect of which was a loss to the appellant of that much, as the appellees were paid in full, and he was not. The appellant filed exceptions to the report, but the court confirmed the action of its commissioner in this respect, and the appellant is now complaining of it, and insists that the mere reversal of the judgment without regard to its extent, or upon what point, or who was affected by it,

entitles him under said agreement to said $449.00, and that it should have been deducted from the sums allowed the appellees and distributed to him.

It is urged by the counsel for the appellees, that the action of the commissioner and the court upon this question can not be questioned, because the commissioner was ordered to distribute the fund according to the judgment, and that he had no right to consider said agreement without an order of the court; but we do not consider this objection well founded, as exception was taken to his report upon this ground, and the court without objection took jurisdiction of and determined it, as it had a right to do by way of settling the entire controversy.

By the agreement, however, "the unsuccessful litigants" were to pay the costs of the copies.

The appellees were not unsuccessful; nothing was decided against them upon the appeal; they lost nothing by it, and the judgment was in all respects affirmed as to them.

They had no interest in the allowance or disallowance of the appellant's $1,000 debt, and it made no difference to them whether it was decided the one way or the other.

It is true, that the appellant reversed the judgment in a respect that did not affect the appellees. To this extent he was successful, but not against the appellees.

In fact the questions presented by him by the appeal that affected the appellees were decided in their favor. If, however, it can be said that both succeeded, then the appellees should not suffer, inasmuch as the appellant took the appeal and caused the outlay.

When he did so, he superseded the judgment in favor of the appellees; and although he reversed it to the extent stated, yet as showing that the appellees were not unsuccessful this court allowed them ten per cent. damages against the appellant upon the amount of their judgments, and the collection of which he had suspended by the appeal.

The agreement also provides "that the unsuccessful litigants pay for both records in like manner as they would be bound to do for a single record." The clerk of this court having issued an execution for the costs of the appeal in this court against the appellees and in favor of the appellant, it was upon the former's motion quashed upon the ground that they were not liable for said costs; and therefore, this court has heretofore not only decided that the

appellees were not unsuccessful upon said appeal, but it has in effect, owing to the language of said agreement, already held that the appellees were not liable to be charged with the costs of said copies.

Judgment *affirmed*.

*John R. M. Polk, for appellant.*

*Randolph H. Blain, Barrett & Brown, for appellees.*

